## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alexandria Hospital

v.

McLellan

January 11, 1982

Case No. (Chancery) 13009

By JUDGE ALBERT H. GRENADIER

This petition is filed pursuant to the provisions of § 37.1-134.2 of the Code of Virginia. The petitioner prays that the Court authorize such medical treatment as may be necessary to sustain the life of Andrew McLellan. The petition alleges that Andrew McLellan and his wife wish to withdraw him from further life sustaining treatment, which will result in his death and that neither he nor Mrs. McLellan are capable of giving informed consent to the withdrawal of said treatment.

It is clear from the evidence presented at the hearing of this cause on January 7, 1982, that Mr. McLellan is gravely ill and that the prognosis for his recovery is poor. He is presently receiving respiratory therapy and kidney dialysis, without both of which he cannot survive. He has expressed his wish to discontinue all life sustaining efforts and to die. The issue before the Court for decision is whether he is capable of making this determination.

Under the provisions of § 37.1-134.2 the court may authorize treatment only "upon finding on the basis of clear and convincing evidence that the person

is incompetent, or incapable as so alleged and that the proposed treatment is medically necessary."

It is without question that the present treatment is medically necessary for the preservation of Mr. McLellan's life. On the issue of his competence, it is the opinion of the Court that the evidence falls far short of the required burden of proof. The petitioner has failed to prove Mr. McLellan's incompetence by clear and convincing evidence. The evidence, taken as a whole, demonstrates that Mr. McLellan is in command of his mental faculties and is legally competent. It shows further that he has made an informed judgment, and is fully cognizant of the consequences of his proposed actions. Having reached this conclusion, the Court must decline to grant the relief sought by the petitioner and will dismiss the petition.

Although the dismissal of the petition effectively terminates this matter, it seems appropriate to comment on an issue that was raised at the hearing dealing with Mr. McLellan's right to discontinue further medical efforts to prolong his life. It is obvious that termination of the life sustaining efforts of the medical care providers will result in his death. Having found him legally competent and sufficiently informed to make an informed judgment, does he have the right to discontinue further medical treatment, when to do so will surely result in his death?

There are no Virginia appellate decisions which provide direction on this question. Nor has the Legislature enacted legislation on the subject. Accordingly, the Court must look for guidance to other jurisdictions which have considered this question. The compelling need for prompt decision in this case prohibits the Court from writing an exhaustive opinion analyzing the complex social, ethical and legal issues involved. The Court has, however, read all of the legal authorities cited by counsel, as well as others disclosed by its own research.

The Court is most impressed with the rationale of the decisions in *Superintendent of Belchertown* v. *Saikewicz*, 370 N.E.2d 417 (Mass. 1977), and *Satz* v. *Perlmutter*, 362 So.2d 160 (Fla. 1978). It is the opinion of the Court that Mr. McLellan has the legal and moral right to make this decision. He has the unfettered

right to control his own destiny. A competent, adult patient has the right to refuse treatment for himself, and if he has this right, he has a concomitant right to discontinue such treatment, in the absence of a compelling state interest to the contrary. In this case, the Court is of the opinion that the state's interest in preserving life, protecting innocent third parties, preventing suicide and maintaining the ethical integrity of the medical practice is overborne by Mr. McLellan's constitutional right of privacy and his right to individual free choice and self determination.